SHERWOOD (PATRICK v.). See Case No. 10,804.

## Case No. 12,780.

### SHERWOOD v. SHERMAN.[1]

[3 App. Comr. Pat. 312.]

Circuit Court, District of Columbia. May 2, 1860.

PATENTS—FIXING DATE OF INVENTION.

[1. The fixing of the date of an invention by reference to another circumstance, the date of which latter is sworn to by another witness, is sufficiently definite for the purpose of a claim of priority.]

[2. Priority of invention of an improvement in skeleton hoop-skirts awarded to Sherwood on the evidence in the case.]

Appeal [by Samuel S. Sherwood] from the decision of the commissioner of patents, upon an interference declared [awarding priority of invention to Sylvester I. Sherman for an improvement in skeleton hoop-skirts].

MERRICK, Circuit Judge. The interference in this case arises out of the respective claims of the parties for an improvement in skeleton hoop-skirts for ladies' dresses, and consists in so arranging the vertical cords which connect the several hoops composing the skirt that while they tie and secure the hoops at stated distances from one another, they shall at the same time be passed through the textile covering of the hoops so as to be kept firm in their places and not slip laterally along the hoop. In other words, the claim is in each case for passing the vertical cord through the covering of the hoop at the same time that it is tied or fastened in any familiar manner by looping or otherwise around the

---

1 [Not previously reported.]

hoop, thereby keeping the horizontal hoops and their vertical supports all and each in their original relative positions towards one another.

The mode of making the loop or knot independent of the combination of the vertical with the lateral fastening is not, nor can be, an element in the claim. The loop and the knot being both well known and applied in thousands of every day analogous uses, are manifestly equivalents for each other, and the selection of the one rather than the other has no bearing upon the applications of the parties. The whole case rests upon the testimony of the witnesses as to the priority of invention. The appellee proved by a single witness (Chas. Williams) that he exhibited to him the invention in question at the time he was doing some work for Mr. Busher, and by producing his book, he establishes the date of his entry of Busher's order as January 20th, 1858, and remembers the work was finished by the 1st of February following. No other witness on the part of the appellee is called to show that he ever saw such an article in his possession during the year 1858.

On the part of the appellant three witnesses prove that the invention was constantly used and claimed by him for about two years previous to the taking of their testimony, and one of these witnesses, Robert Sands, fixes the period of its first production, not indeed by an absolute recollection of the date, but by reference to another fact, to wit, the first sale of a certain other kind of skirts known and described by the witness as the "patent expansion skirt" or the "expansion skirt," and this other fact, the first production of the expansion skirt is fixed by another witness, Thomas Oakly the salesman of Sherwood, at the middle of December, 1857. Now, the witnesses are equally positive on both sides, and for aught that appears equally credible. The one knows of Sherman's invention because it was exhibited to him while he was doing a certain piece of work, which piece of work he fixes by his book. The other knows of Sherwood's invention because it fell under his observation before a certain other thing was done. About this he is unequivocal in his answers to the 8th and 12th questions, and the confirmatory witness, Oakly, is equally positive that the act referred to was done in the middle of December, 1857.

Now, according to the known operations of the intellect, time cannot any more than a straight line be measured by the senses by regarding its continuity, and is best fixed in the memory by the relation or succession of events. These and their order are the proper material for the memory to act upon, and therefore when a person can affirm that he can and does recall the succession of one event to another, which other is susceptible of independent ascertainment, the certainty of the latter is fully reflected upon the former. In the report of the office and in the argument of the appellee's counsel, it is however insisted that the testimony of Oakly does not confirm itself with the testimony of Sands, because the term "patent expansion skirt" or "expansion skirt" used by them does not point to any particular kind of skirt, and that, peradventure, in using that term the two witnesses may have been speaking of different things. But when it is considered that they were both employed in the same store and spoke of the business of that one house, and when regard is had to the particular shape of the questions and answers of both witnesses in which the term occurs, it will be evident that they both used the term to designate a certain article well known under that name, in the immediate transactions of their own business. This view of the matter fixes the invention of Sherwood as early as the middle of December, 1857, and so antedates Sherman by at least one month. The argument that if the date be carried back so far it must go back to the spring of 1857, because Sands connects it with the spring trade, and if before the spring of 1858 it must have been in the spring of 1857, possesses no force, for two reasons: 1st, Sands himself says the spring trade might be said to open by the 1st of January; and in the next place he did not enter the service of Douglass and Sherwood until towards the end of the spring trade proper of 1857, viz.: in the middle or last of March of that year, and he would have remembered and said it was about the time he entered their service if it had been so, and would not have limited himself to "about two years," as the earliest date of his knowledge, as he certainly does throughout his testimony.

But, again, it would serve the appellee nothing towards establishing his claim to show that the article was invented and used by Sherwood three years ago. It might, indeed, defeat Sherwood, if the fact were so, as amounting to an abandonment on his part. But if it were so, and the appellee really believed that since the spring of 1857 Sherwood and Douglass were selling the invention in open market, he would hardly be at the expense and trouble, not to speak of the moral turpitude, of claiming under oath as his own invention what the world was notoriously possessed of for nearly a year before his discovery.

Upon the whole, I am of opinion that the first reason of appeal is well taken and that there is error in the decision of the office awarding priority of invention to Sylvester I. Sherman. The said decision is for the foregoing reasons reversed and priority of invention is hereby adjudged in favor of Samuel S. Sherwood, and a patent will accordingly be issued to him; the rights of any others not parties to this record not being prejudiced by this decision; all which premises and judgment are hereby certified to the

Hon. Philip F. Thomas for his further proceedings according to law and in conformity herewith.